1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                    FOR THE EASTERN DISTRICT OF CALIFORNIA

8    ALEKSANDER ROMANOVICH, et al.,

9              Plaintiffs,                    NO.  2:13-cv-0297 KJM GGH PS

10        vs.

11   JP MORGAN CHASE BANK, N.A., et al.,

                                             FINDINGS & RECOMMENDATIONS
12             Defendants.

13   _____/

14             This action was referred to the undersigned pursuant to Local Rule 302(c)(21).

15   This action was removed from state court on February 15, 2013.  In the order requiring joint

16   status report, filed February 19, 2013, plaintiffs were advised of the requirement to obey federal

17   and local rules, as well as orders of this court, and the possibility of dismissal for failure to do so.

18    Defendants JPMorgan Chase Bank, N.A. and California Reconveyance Company filed a motion

19   to dismiss on February 27, 2013, to which plaintiffs did not respond.  By order filed April 17,

20   2013, the hearing on the motion was vacated due to plaintiffs' failure to file oppositions, and

21   plaintiffs were ordered to show cause why this action should not be dismissed for failure to

22   prosecute.  Plaintiffs were warned that failure to comply with the order would result in a

23   recommendation that this action be dismissed.  Plaintiffs did not respond to the order.

24             On April 18, 2013, defendant Quality Loan Service Corporation filed a motion to

25   dismiss, to which plaintiffs did not respond.  On May 13, 2013, the court issued another order to

26   show cause with the same admonitions and vacated the hearing.  Plaintiffs did not respond to that

1

order either.

Although the court liberally construes the pleadings of pro se litigants, they are required to adhere to the rules of court.  As set forth in the district court's order requiring status report, failure to obey local rules may not only result in dismissal of the action, but "no party will be entitled to be heard in opposition to a motion at oral arguments if opposition has not been timely filed by that party."  E. D. Cal. L. R. 230(c).  More broadly, failure to comply with the Local Rules or "any order of the court may be grounds for imposition . . . of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  E. D. Cal. L. R. 110; see also E. D. Cal. L. R. 183 (requiring compliance with the Local and Federal Rules by pro se litigants).

"Failure to follow a district court's local rules is a proper ground for dismissal." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).  The court should consider:  (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions.  Similar considerations authorize dismissal of an action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  Link v. Wabash R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991). Moreover, failure to obey court orders is a separate and distinct ground for imposing the sanction of dismissal.  See Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (setting forth same factors for consideration as Ghazali).

The court has considered the factors set forth in Ghazali.  "[T]he key factors are prejudice and availability of lesser sanctions."  Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir.1990).  Defendants are clearly prejudiced by the requirement of defending an abandoned case, and this court is put in the untenable position of expending limited judicial resources to decide such a case on the merits.  The public's interest in expeditious resolution of litigation, the court's need to manage its docket, and the unsuitability of a less drastic sanction, direct that this

2

1  case be dismissed.  In sum, the court now has had much experience resolving pro se cases

2  brought for the purpose of delaying the inevitable foreclosure of one's home, with the same result

3  on the merits, that the law does not provide a remedy for this unfortunate situation.

4          Accordingly, IT IS RECOMMENDED that:

5          1.  Plaintiffs' federal claims be dismissed with prejudice pursuant to Federal Rule

6  of Civil Procedure 41(b); and

7          2.  The court decline to exercise supplemental jurisdiction over Plaintiffs' state

8  law claims pursuant to 28 U.S.C. § 1367(c)(3), and remand them to Sacramento County Superior

9  Court.

10         These findings and recommendations are submitted to the United States District

11  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

12  fourteen (14) days after being served with these findings and recommendations, any party may

13  file written objections with the court and serve a copy on all parties.  Such a document should be

14  captioned "Objections to Magistrate Judge"s Findings and Recommendations."  Any reply to the

15  objections shall be served and filed within seven (7) days after service of the objections.  The

16  parties are advised that failure to file objections within the specified time may waive the right to

17  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18  DATED: June 6, 2013

19

20                    /s/ Gregory G. Hollows
                UNITED STATES MAGISTRATE JUDGE

21
    GGH:076/Romanovich0297.41.wpd
22

23

24

25

26